### In re McCLURG.

[Cite as *In re McClurg* (1992), 78 Ohio App.3d 465.]

Court of Appeals of Ohio,
Butler County.

No. CA91–01–010.

Decided March 2, 1992.

*David C. Cramer* and *Butler–Warren Legal Assistance;* and *William B. Mains* and *Northeast Kentucky Legal Services, Inc.,* for appellant Eva McClurg Jewell.

*F. Joseph Schiavone,* and *Fred Miller,* for appellees Kenneth and Joy Adams.

*Gregory S. Beane,* guardian *ad litem.*

*Per Curiam.*

This cause is before this court pursuant to an appeal of an Ohio judgment entry which denied a motion to enforce a custody decree from the state of Kentucky. According to appellant's brief, this cause originated in Kentucky on June 7, 1985 when James Boyd McClurg filed a petition for dissolution of marriage against Eva Marie McClurg, appellant. On December 4, 1985, the Rowan Circuit Court of Kentucky entered a judgment granting "permanent and legal custody" of Jessica Ann McClurg (James and Eva's child) to Aileen Engle. Jessica Ann McClurg was born on September 27, 1983 and is the minor who is the subject of the case *sub judice.* Aileen Engle intervened in the Kentucky action and is the great-grandmother of Jessica. During the pendency of the above action in Kentucky, on September 24, 1986, Kenneth and Joy Adams, appellees, with whom Jessica had been residing since the summer of 1986, petitioned the Butler County, Ohio Court of Common Pleas, Juvenile Division, for custody of Jessica. On October 20, 1986, the juvenile court awarded appellees temporary custody of Jessica. On May 29, 1987, Kenneth and Joy Adams were joined as parties to the action in the Rowan Circuit Court of Kentucky. Pursuant to a motion, on March 31, 1987 the Ohio juvenile court stayed its proceedings pending the proceeding in the Circuit Court of Kentucky.

In August 1987, the Rowan Circuit Court awarded permanent custody of Jessica to Kenneth and Joy Adams. Via judgment rendered December 16, 1988, the Kentucky Court of Appeals reversed the Rowan Circuit Court's

order. *Jewell v. Adams* (Dec. 16, 1988), Rowan App. No. 87–CA–002062–MR, unreported. The Supreme Court of Kentucky rendered a decision on February 8, 1990 affirming the decision of the court of appeals. *Engle v. Jewell* (Feb. 8, 1990), 89–SC–014–DG, unreported. On May 4, 1990, the Rowan Circuit Court awarded permanent custody of Jessica to appellant, n.k.a. Eva Jewell.

Subsequently, on May 15, 1990, appellant filed a motion in the Ohio juvenile court to enforce the Kentucky decree of May 4, 1990 which granted custody of Jessica to appellant. On December 14, 1990, the juvenile court of Ohio denied the motion to enforce and ordered that custody of Jessica remain with appellees. It is from this judgment entry that appellant has appealed to this court.

Appellant has assigned as error the following:

Assignment of Error No. 1:

"The trial court erred in failing to enforce and give full faith and credit to the Kentucky judgment of custody."

Assignment of Error No. 2:

"The trial court erred in exercising jurisdiction of the custody dispute between Eva Jewell and Kenneth and Joy Adams, after previously staying all proceedings in this case."

Assignment of Error No. 3:

"The trial court erred by exercising jurisdiction in this case under ORC 3199.22(A)(2) and (3) [*sic*]."

Assignment of Error No. 4:

"The Ohio court erred by hearing improper evidence in making its determination [*sic*]."

After a careful review of the record in the case *sub judice* and applicable law, we reverse the trial court's judgment entry of December 14, 1990.

■ In appellant's first assignment of error, she contends that pursuant to the Uniform Child Custody Jurisdiction Act ("UCCJA"), the Ohio juvenile court should have given full faith and credit to the Kentucky courts' judgment regarding custody of Jessica. We agree.

Ohio has enacted the UCCJA in R.C. 3109.21 through 3109.37. Likewise, Kentucky has enacted the UCCJA in KRS 403.400 through 403.620. R.C. 3109.30(B) provides:

"The courts of this state shall recognize and enforce an initial or modification decree of a court of another state if that court assumed jurisdiction under statutory provisions substantially in accordance with sections 3109.21 to

3109.36 of the Revised Code or if the decree was made under factual circumstances meeting the jurisdictional standards of sections 3109.21 to 3109.36 of the Revised Code, so long as the decree has not been modified in accordance with jurisdictional standards substantially similar to those of these sections."

Kentucky's statutes enacting the UCCJA are "substantially in accordance" with Ohio's UCCJA statutes. KRS 403.400 through 403.620. It appears from appellant's brief that the Kentucky court obtained and exercised jurisdiction from a petition for dissolution of marriage filed therein. The facts of the instant case show that the petition for dissolution was pending in the Rowan Circuit Court, and that the circuit court had rendered a custody decree, prior to September 24, 1986, when appellees petitioned the Ohio juvenile court for custody of Jessica. Due to the appeals in Kentucky, the final custody determination was made on May 4, 1990.[1] The record in this case does not show that the custody decree of May 4, 1990 has been modified. Therefore, the Butler County Juvenile Court was "required to recognize and enforce" the Kentucky custody decree. *Slusher v. Slusher* (Mar. 12, 1990), Butler App. No. CA89-06-090, unreported, at 4, 1990 WL 25696. We therefore sustain appellant's first assignment of error.

In appellant's second assignment of error, she contends that pursuant to Section 1738A, Title 28, U.S.Code, the Parental Kidnapping Prevention Act ("PKPA"), the Ohio juvenile court should not have exercised jurisdiction in this matter after previously staying its proceedings.

The PKPA provides in Section 1738A, Title 28, U.S.Code:

"(a) The appropriate authorities of every State shall enforce according to its terms, and shall not modify except as provided in subsection (f) of this section, any child custody determination made consistently with the provisions of this section by a court of another State.

" * * *

"(g) A court of a State shall not exercise jurisdiction in any proceeding for a custody determination commenced during the pendency of a proceeding in a court of another State where such court of that other State is exercising jurisdiction consistently with the provisions of this section to make a custody determination."

Like the UCCJA, the PKPA imposes a duty upon state courts to afford full faith and credit to custody decrees of other states. *Thompson v. Thompson*

---

1. In appellant's motion to enforce the Kentucky custody decree, appellant states that a certified copy of the custody decree of May 4, 1990 was filed in the Ohio juvenile court in accordance with R.C. 3109.32.

(1988), 484 U.S. 174, 108 S.Ct. 513, 98 L.Ed.2d 512. As the Supreme Court in *Thompson* stated this duty as follows:

"Once a State exercises jurisdiction consistently with the provisions of the Act, no other State may exercise concurrent jurisdiction over the custody dispute, § 1738A(g), even if it would have been empowered to take jurisdiction in the first instance, [footnote omitted] and all States must accord full faith and credit to the first State's ensuing custody decree.

"As the legislative scheme suggests, and as Congress explicitly specified, one of the chief purposes of the PKPA is to "avoid jurisdictional competition and conflict between State courts." Pub.L. 96–611, 94 Stat. 3569, § 7(c)(5), reprinted in 28 U.S.C. § 1738A, note, p. 291.

" * * *

"The PKPA, 28 U.S.C. § 1738A, is an addendum to the full faith and credit statute, 28 U.S.C. § 1738. * * * [T]he PKPA is a mandate directed to state courts to respect the custody decrees of sister States." *Thompson, supra,* 484 U.S. at 177–183, 108 S.Ct. at 515–518, 98 L.Ed.2d at 518–522.

■ There is no indication in the record that the Rowan Circuit Court did not have jurisdiction pursuant to the Kentucky laws to hear and determine the petition for dissolution and incorporated custody issue. Importantly, on May 29, 1987, an agreed order was signed by the Rowan Circuit Court joining appellees herein as parties to the custody proceedings involving Jessica McClurg in Kentucky. As such, appellees submitted to the jurisdiction of the Kentucky courts. Thus, Kentucky had jurisdiction to hear and determine the issue of custody of Jessica. We find that under the PKPA, the Kentucky court's decree was entitled to be given full faith and credit by the Butler County Juvenile Court. We therefore sustain appellant's second assignment of error.

■ In appellant's third assignment of error, she contends that the juvenile court erred in exercising jurisdiction pursuant to R.C. 3109.22(A)(2) and (3). In its judgment entry of December 14, 1990, the juvenile court found that R.C. 2151.23(A)(2) conferred jurisdiction on the court and that pursuant to R.C. 3109.22(A)(2) and (3) the court should and would exercise jurisdiction.

R.C. 2151.23(A)(2) gives juvenile courts "exclusive original jurisdiction" to determine custody cases if the subject minor is not a ward of another Ohio court. R.C. 2151.23(F), however, requires that the juvenile court exercise its jurisdiction in accordance with R.C. 3109.21 through 3109.36, the UCCJA. Despite the fact that the UCCJA required the juvenile court to give full faith and credit to the Kentucky decree, the juvenile court relied on R.C. 3109.-22(A)(2) and (3) to assume jurisdiction over this matter. In *State ex rel.*

*Aycock v. Mowrey* (1989), 45 Ohio St.3d 347, 350, 544 N.E.2d 657, 660, the Supreme Court stated:

"R.C. 3109.22(A)(1) through (4) [which are exceptions to the rule that the UCCJA generally limits interstate interference in custody proceedings] apply to an Ohio court's assumption of jurisdiction to decide custody in the first instance. However, they also apply when an Ohio court is assuming jurisdiction to change or modify another state's custody decree by operation of R.C. 3109.31(A) * * *." See, also, *Squires v. Squires* (1983), 12 Ohio App.3d 138, 12 OBR 460, 468 N.E.2d 73.

The juvenile court could not have assumed original jurisdiction under R.C. 3109.22 as the Kentucky courts had proceeded to a final adjudication of the custody of Jessica as evidenced by the May 4, 1990 order. This final adjudication was made pursuant to Kentucky's having obtained jurisdiction before Ohio and Ohio's staying its proceedings in contemplation of Kentucky's proceeding with the issue of custody. Likewise, the enforcement of the Kentucky court's custody determination was the issue before the Ohio juvenile court. The record reflects, and appellant in her brief contends, that no request for a modification of the Kentucky custody order was made.

As the court in *Payne v. Payne* (Mar. 11, 1981), Wayne App. No. CA–1695, unreported, stated:

"The subject of the present action is merely the enforcement of a foreign judgment. As such, determination of custody is not involved, nor is jurisdiction under R.C. 3109.22. [Citation omitted.] The authority to enforce an out-of-state decree does not include the power to modify it. [Citations omitted.]" *Id.* at 9.

Therefore, the juvenile court's assumption of jurisdiction under R.C. 3109.-22(A)(2) and (3) to make a custody determination was in error. We uphold appellant's third assignment of error.

■ In appellant's fourth assignment of error, she argues that the juvenile court heard evidence which should not have been heard. Appellant and appellee both agree in their briefs that the juvenile court heard evidence which was hearsay.

We have previously held herein that under R.C. 3109.30 the juvenile court was required to give full faith and credit to the Kentucky custody decree. R.C. 3109.30 does not provide for a custody hearing to be conducted prior to such enforcement. As one court has stated:

"Appellant contends that the trial court should not have enforced the Alabama decree ex parte, but should have assumed jurisdiction under R.C.

3109.22(A)(2) and held an evidentiary hearing to determine the best interests of the child.

" * * *

"Appellant's approach would expand an enforcement proceeding into a full-blown custody modification action. We do not think that this is what the Uniform Act contemplates. * * * The authority to enforce an out-of-state decree does not include the power to modify it. [Citations omitted.]" *Payne, supra,* at 8–9.

Therefore, the juvenile court was required to determine the enforcement issue pursuant to the applicable law and not to conduct a hearing to expand its decision to include modification of the custody of Jessica. We therefore sustain appellant's fourth assignment of error.

*Judgment reversed*
*and cause remanded.*

JONES, P.J., KOEHLER and CASTLE, JJ., concur.

LYLE W. CASTLE, J., retired, of the Twelfth Appellate District, sitting by assignment.