**STROTHERS, Appellant,**

v.

**LAMBERT, Appellee.**

[Cite as *Strothers v. Lambert* (1996), 113 Ohio App.3d 449.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69817.

Decided Aug. 16, 1996.

*Gerald O. Strothers, Jr., pro se.*

*Alan I. Goodman,* for appellee.

*Per Curiam.*

Gerald O. Strothers, Jr. appeals the decision of the Common Pleas Court, Domestic Relations Division, granting Vera Ellen Lambert's petition to register a foreign decree for enforcement of a parenting order under the Uniform Child Custody Jurisdictional Act ("UCCJA"), codified in Ohio in R.C. 3109.21 to 3109.37.

Gerald Strothers and Vera Lambert divorced in January 1994, and in November 1994 entered into a separate consent custody order through the Court of Common Pleas, Family Division in Allegheny County, Pennsylvania. Pursuant to that order, Strothers, who had relocated to Lakewood, Ohio, had primary physical custody of the couple's three children and Lambert had partial custody for one weekend per month as well as partial time during holidays and summer vacation.

Thereafter, in July 1995, the Pennsylvania court issued an order awarding emergency interim custody of the children to Lambert upon her representation that Strothers had refused to return the children or disclose their whereabouts to her. Lambert then filed a petition in Cuyahoga County Common Pleas Court, Domestic Relations Division, seeking recognition of the Pennsylvania order, and the court granted the petition.

Strothers contends that the trial court erred in granting the petition because the Pennsylvania court did not have continuing jurisdiction over the custody action because all parties had moved out of Pennsylvania. Based on the Pennsylvania court's lack of jurisdiction, Strothers argues, the trial court erred in registering the Pennsylvania decree.

The issue before us is whether the trial court properly registered the Pennsylvania decree. In order to decide this issue, we will need to consider the provisions of the UCCJA as adopted in Ohio in R.C. 3109.21 to 3109.37.

R.C. 3109.30 provides for the enforcement of foreign decrees and provides:

"(B) The courts of this state shall recognize and enforce an initial or modification decree of a court of another state if that court assumed jurisdiction under statutory provisions substantially in accordance with sections 3109.21 to 3109.36 of the Revised Code or if the decree was made under factual circumstances meeting the jurisdictional standards of sections 3109.21 to 3109.36 of the Revised Code, so long as the decree has not been modified in accordance with jurisdictional standards substantially similar to those of these sections."

█ Initially we note that Pennsylvania law contains statutory provisions substantially in accordance with R.C. 3109.21 to 3109.36. See 23 Pa.Cons.Stat. Ann. Sections 5341 to 5366. Therefore, under the UCCJA, Ohio courts should

give full faith and credit to a Pennsylvania decree. *In re McClurg* (1992), 78 Ohio App.3d 465, 605 N.E.2d 418.

■ Strothers urges that Pennsylvania lost jurisdiction when Lambert moved out of Pennsylvania and none of the parties continued to live in Pennsylvania. Nonetheless, other than Strothers's self-serving statements that Lambert moved to Maryland and only returned to Pennsylvania to file her petition for emergency custody, the record is devoid of any evidence to demonstrate that Pennsylvania lost jurisdiction. Furthermore, the record before us demonstrates that Pennsylvania had jurisdiction over the divorce proceedings and issued the original custody decree, and further that Lambert is currently a resident of Pennsylvania and resided there when she filed the petition for emergency custody. Thus, pursuant to R.C. 3109.30, an Ohio court should recognize this foreign decree and give full faith and credit to the Pennsylvania order. *McClurg, supra.* Accordingly, the trial court properly granted Lambert's motion to register a foreign decree, and the assignment of error is overruled.

*Judgment affirmed.*

MATIA, P.J., O'DONNELL and KARPINSKI, JJ., concur.