DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the March 14, 2006 judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, which overruled the objections of appellant, Ronny Trevino, to the magistrate's decision, and adopted the finding of the magistrate that a Texas decree was not entitled to be given full faith and credit regarding the allocation of parental rights and responsibilities. Upon consideration of the *Page 2 
assignments of error, we affirm the decision of the lower court. Appellant, the mother of the minor child at issue, asserts the following single assignment of error on appeal:
 {¶ 2} "THE TRIAL COURT'S DECISION THAT THE TEXAS COURT DID NOT HAVE JURISDICTION TO MAKE A CUSTODY/PARENTAL RIGHTS AND RESPONSIBILITIES DETERMINATION IS AN ERROR OF LAW AND MUST BE REVERSED BY THIS COURT."
 {¶ 3} On February 15, 2005, the mother of the minor child at issue filed a petition to enforce a foreign divorce decree in the Lucas County Court of Common Pleas, Domestic Relations Division. The foreign decree had been rendered in the state of Texas on January 10, 2005. The mother sought return of the child to her custody. She alleged that she had not seen the child in several years due to the improper actions of the child's father.
 {¶ 4} Phillip Trevino, the father of the minor child, opposed the motion on the ground that the Texas court did not have subject matter jurisdiction over the custody issue and the decree was obtained by default judgment in violation of appellee's due process rights. Furthermore, the father argued that there were previous custody determinations made by the Lucas County Court of Common Pleas, Domestic Relations Division, and by a court in Oklahoma, which he believed were not disclosed to the Texas court.
 {¶ 5} In the court below, the magistrate found, pursuant to R.C.3109.21 and 3109.22 (Ohio's version of the Uniform Child Custody Jurisdiction Act in effect at the time of these proceedings on April 5, 2005), that: 1) Ohio was the home state of the child *Page 3 
when the Texas proceedings were initiated; 2) the child and the father have a significant connection with Ohio; and 3) substantial evidence regarding the child was in Ohio. The magistrate further found that because Ohio is the child's home state, the Texas court did not assume jurisdiction "substantially in accordance" with R.C. 3109.21 to 3109.36. Therefore, the magistrate held that the domestic relations court did not have to recognize and enforce the Texas decree with respect to the custody of the child. The court did not address the divorce issues. The magistrate directed the parties to resolve the issues related to the child's custody in juvenile court. The trial court adopted the decision of the magistrate as its own on January 30, 2006.
 {¶ 6} The mother objected to the court's decision. In a judgment journalized on March 14, 2006, the court found all of appellant's objections not well-taken. The court specifically found that the mother attested in her own affidavit that the child has resided in Ohio since April 1, 1999, except for the one month she lived in Oklahoma.
 {¶ 7} Despite the fact that the mother and child in this case had not seen each other in several years, the domestic relations court did not, however, immediately assume jurisdiction over the matter and protect the rights of the mother and the best interests of this child. Rather, it attempted to transfer the case to the juvenile court. The juvenile court declined to accept jurisdiction. The mother then filed a motion in the domestic relations court for visitation. That motion was denied based on a finding that the court had never issued an order concerning the allocation of parental rights and responsibilities. On appeal, we held in our judgment dated September 28, 2006, that the domestic *Page 4 
relations court had indeed issued an order concerning the allocation of parental rights when it refused to give full faith and credit to the Texas decree. Therefore, we directed the domestic relations court to address the mother's visitation rights.
 {¶ 8} In this appeal, we address the issue of whether the domestic relations court erred by refusing to give full faith and credit to the Texas decree. Since the decision to give full faith and credit to another state's court decisions is a legal question, we review the decision of the trial court under a de novo standard of review. Rice v.Flynn, 9th Dist. No. 22416, 2005-Ohio-4667, ¶ 28.
 {¶ 9} The facts underlying this case are as follows. The child was born in Texas in 1998, and the family moved to Ohio in 1998 or 1999. The parents were then married in Ohio. The mother moved to Oklahoma with the child in 2001. About one month later, the child returned to live in Ohio. The parties dispute the reasons for the child's return to Ohio. Although a divorce action was originally filed in Ohio in 2002, the case was dismissed in 2003 because the settlement agreement between the parties lacked pertinent information and was never corrected and properly filed by the father. The mother filed a motion to reopen the case in March 2003, but her motion was denied in December 2003. The mother filed for divorce in Oklahoma in 2003, but that case was also dismissed. The mother then moved to Texas.
 {¶ 10} While in Texas, the mother again filed an action for divorce. Although served with the complaint, the father failed to appear. The father asserts that he had called the court to request an extension of time to file an answer or find counsel. When *Page 5 
he checked on the matter later, he discovered that a final hearing had already been held. On December 27, 2004, the Texas court entered a final decree of divorce. The Texas court noted that the child resides with the father in Ohio. However, the Texas court also noted that "because of the lack of access that [the mother] has had with her child for several months, the following provisions of this Possession Order are intended to and do comply with the requirements of Texas Family Code Sections153.311 through 153.317."
 {¶ 11} Texas and Ohio have both adopted the Uniform Child Custody Jurisdiction Act ("UCCJA"). At the time it issued its decree, Texas had also adopted the Uniform Child Custody Jurisdiction Enforcement Act. Texas Family Code Section 152.201 governs a Texas court's initial determination of its jurisdiction in a child custody case. At the time of these proceedings, Ohio was still operating under the version of the UCCJA effective April 11, 1991. Therefore, that version of the statute governs this case. R.C. 3127.53.
 {¶ 12} A fundamental function of the UCCJA is that one state's custody decree rendered under that state's version of the UCCJA, is entitled to be given full faith and credit in another jurisdiction and enforced as if it were the order of the forum court. R.C. 3109.30(B)[1];Strothers v. Lambert (1996), 113 Ohio App.3d 449, 450-451; In reMcClurg *Page 6 
(1992), 78 Ohio App.3d 465, 469; Slusher v. Slusher (Mar. 12, 1990), Butler App. No. CA89-06-090, at 2; and Fox v. Fox (Mar. 29, 1988), 5th Dist. No. 87AP100074, at 3.
 {¶ 13} However, a parent may challenge the validity of the decree on the basis that the issuing court lacked jurisdiction to issue the decree. Andrews v. Lake County Dept. of Human Serv. (Sept. 30, 1991), 11th Dist. No. 90-L-15-148, at 3. When a jurisdictional challenge is made and supported by evidence, the forum court must determine if the foreign court had jurisdiction under its state statute to make the custody determination and whether the foreign court properly exercised its jurisdiction. Logan v. Powell (Mar. 30, 1998), 12th Dist. No. CA97-09-017, at 2; Andrews, supra; Fox v. Fox (Mar. 29, 1988), 5th Dist. No. 87AP100074, at 3; and Payne v. Payne (Mar. 11, 1981), 9th Dist. App. No. 1695, at 2.
 {¶ 14} Under the current version of Texas Family Code Sec.152.201[2], a court in the state of Texas has jurisdiction to make an initial child custody determination only if: *Page 7 
 {¶ 15} "(a) * * *
 {¶ 16} "(1) this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
 {¶ 17} "(2) a court of another state does not have jurisdiction under Subdivision (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Section 152.207 or 152.208, and: *Page 8 
 {¶ 18} "(A) the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and
 {¶ 19} "(B) substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships;
 {¶ 20} "(3) all courts having jurisdiction under Subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section 152.207 or 152.208; or
 {¶ 21} "(4) no court of any other state would have jurisdiction under the criteria specified in Subdivision (1), (2), or (3).
 {¶ 22} "(b) Subsection (a) is the exclusive jurisdictional basis for making a child custody determination by a court of this state.
 {¶ 23} "(c) * * *."
 {¶ 24} It is not necessary for the child to be present in the foreign state in order for that court to have jurisdiction over custody issues. See, R.C. 3109.22(C) /Texas Family Code Sec. 152.201(c). The spirit behind the UCCJA is that a particular state's interest in protecting the welfare of a child " * * * becomes stronger and more legitimate as the connection between the child and that state become closer. Once there is a strong and legitimate nexus between the particular state and the child, that state then has jurisdiction to determine matters concerning the child's interests, whether or not the child is *Page 9 
physically present within the forum state." Wagner v Wagner (Feb. 11, 1983), 6th Dist. WD-82-63 and WD-82-68, at 3. Practically speaking, the state with the most significant contacts is also the state better equipped to resolve the issue. See R.C. 3109.22(A)(2).
 {¶ 25} The Texas Court in this case did not directly state a basis for its jurisdiction. However, upon a review of the facts of this case, it is clear under Texas Family Code Sec. 152.201 that Texas had no basis for finding jurisdiction in this custody case under this statute. Texas would have been the home state of the child, based upon the mother's allegations, had the father not wrongfully withheld the child from the mother for the prior several years. But, the fact remains that the child's home state is actually Ohio and the parents spent their entire married life in Ohio. Jurisdiction is to be based on the contacts with the state no matter why those contacts occurred. While the domestic relations court had previously dismissed the father's divorce action and denied the mother's motion to reconsider its decision, nothing suggests that a court in Ohio would refuse to resolve the custody issue. Although it is unclear if the mother knew the exact residence of her child, she at least knew that the child was living in the state of Ohio.
 {¶ 26} Therefore, we must conclude that based upon the UCCJA as adopted by Texas, its court's decree is void for lack of jurisdiction and not entitled to be given full faith and credit. The mother's sole assignment of error is not well-taken.
 {¶ 27} Having found that the trial court did not commit error prejudicial to the mother, the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. The mother is ordered to pay the costs of this appeal pursuant to *Page 10 
App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., George M. Glasser, J. CONCUR.
[1] "The courts of this state shall recognize and enforce an initial or modification decree of a court of another state if that court assumed jurisdiction under statutory provisions substantially in accordance with sections 3109.21 to 3109.36 of the Revised Code or if the decree was made under factual circumstances meeting the jurisdictional standards of sections 3109.21 to 3109.36 of the Revised Code, so long as the decree has not been modified in accordance with jurisdictional standards substantially similar to those of these sections."
[2] Former R.C. 3109.22, Ohio's jurisdiction statute, similarly provided that a court has jurisdiction to make a parenting determination if one of the following apply:
"(1) This state is the home state of the child at the time of commencement of the proceeding, or this state had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a parent who claims a right to be the residential parent and legal custodian of a child or by any other person claiming his custody or is absent from this state for other reasons, and a parent or person acting as parent continues to live in this state;
"(2) It is in the best interest of the child that a court of this state assumes jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;
"(3) The child is physically present in this state and either has been abandoned or it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent;
"(4) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with division (A)(1), (2), or (3) of this section, or a court in another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to make a parenting determination relative to the child, and it is in the best interest of the child that this court assume jurisdiction." *Page 1